JUDGE CROTTY

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| MELODY THOMPSON, | ) No. 10 Civ. **10 CIV 8657** )  )  ) |
| Plaintiffs, | ) |
| | ) |
| v. | ) **COMPLAINT AND DEMAND** |
| | ) **FOR JURY TRIAL** |
| RAB PERFORMANCE RECOVERIES, LLC, and | ) |
| MALEN & ASSOCIATES, P.C., | ) |
| | ) |
| Defendants. | ) |
| | ) |
| | ) |
| | ) |

RECEIVED
NOV [?] 2010
U.S.D.C. S.D.N.Y.
CASHIERS

## INTRODUCTION

1.      This is an action for money damages by an individual consumer for Defendants'

repeated violations of the Fair Debt Collection Practices Act, 15 U.S.C. 1692, *et seq.*,

(hereinafter the "FDCPA"), and New York General Business Law § 349.

Plaintiff brings this action to challenge the misconduct of Defendants with regard to their

attempts to unlawfully, oppressively, unfairly, and deceptively collect and enforce upon a debt,

which caused Plaintiff actual and statutory damages.

## JURISDICTION AND VENUE

2.      Jurisdiction of the Court is conferred by 15 U.S.C. §§ 1692k(d) and 28 U.S.C. 1331 in

that this dispute involves predominant issues of federal law. Defendants have violated numerous

provisions of the FDCPA.

3.      Supplemental jurisdiction exists for the state law claim pursuant to 28 U.S.C. § 1367.

4.      Declaratory relief is available pursuant to 28 U.S.C. §§ 2201 and 2202.

5.      Venue in this district is proper because Defendants transacted business within this district and contracted to supply services in this judicial district and state.

6.      The defendants regularly do business within this district, and have engaged in a persistent course of conduct within this district. Defendants have also derived substantial revenue from services rendered in this judicial district and state.

7.      The defendants expected or should have reasonably expected the acts alleged in this complaint would have consequences in this judicial district and state. Defendants derive substantial revenue from interstate commerce.

8.      Defendants have otherwise sufficiently conducted business and/or purposefully availed themselves of the privileges and benefits of this judicial district and state.

9.      Defendants caused transactions and occurrences alleged in this complaint to take place in this judicial district and state.

## PARTIES

10.     Plaintiff, Melody Thompson, is a natural person who has resided at all relevant times in Bronx, New York.

11.     Melody Thompson is a "consumer" as defined by 15 U.S.C. § 1692(a)(3) of the FDCPA.

12.     Defendant Malen & Associates ("Malen") is a law firm engaged in the business of collecting debts in this state, with its principal place of business located at 123 Frost Street, Suite 203, Westbury, NY 11590.

13.     Malen's principal purposes is the collection of debts and it regularly attempts to collect debts alleged to be due to another.

14.     Malen is a "debt collector" as defined by 15 U.S.C. §1692a(6) of the FDCPA.

15.    Defendant, RAB Performance Recoveries, LLC ("RAB") is a foreign limited liability company organized in New Jersey with its principal place of business in Paramus, New Jersey.

16.    RAB buys defaulted consumer debt from banks, credit card companies and other debt buyers and attempts either itself or through its agents to collect said debts.

17.    RAB's principal purposes is the collection of debts and it regularly attempts to collect debts alleged to be due to another.

18.    RAB employed Malen to attempt to collect and collect upon the alleged debt.

## FACTUAL ALLEGATIONS

19.    Melody Thompson is a 41-year-old African American schoolteacher. She is single-handedly raising her 12-year old son, Omarian Thompson.

20.    Defendants RAB and Malen file thousands, -- if not tens of thousands or more -- of consumer credit lawsuits each year.

21.    On June 18, 2009, RAB, represented by Malen, filed a summons and complaint against Ms. Thompson in New York County, Civil Court, titled, RAB Performance Recoveries, LLC v. Thompson, 27688-cv-09 (hereinafter the "State Action").

22.    At all times material to this complaint, RAB was a "debt collection agency" as defined under New York City Administrative Code ("NYCAC") § 20-489.

23.    RAB "acted" and filed suit without being duly licensed as required under NYCAC § 20-489.

24.    RAB violated New York Civil Practice Law and Rules ("CPLR") § 3015(e) when it commenced the State Action by failing to be duly licenced.

25.    RAB falsely alleged that it was "not required to be licensed" by the New York City Department of Consumer Affairs (See Complaint, **Exhibit 1**). CPLR § 3015(e) requires said

licensure as a condition precedent to commencing a consumer credit action. That as plaintiff's attorney, Defendant Malen knew, or should have known, of this condition precedent to RAB's cause of action that is designed to protect the consuming public.

26. NYCAC §20-489 was enacted to remedy the same abusive debt collection practices as remedied under the FDCPA. Both statutes treat assignees of defaulted debt as debt collection agencies subject to enforcement and penalties.

27. RAB violated the regulatory authority and public policy by ignoring and ducking regulatory authority that clearly applied to it.

28. The State Action was improperly filed in the wrong county. New York Civil Practice Law and Rules ("CPLR") § 503(f) requires venue in a consumer credit transaction case to lie in the debtor's county.

29. RAB and Malen had no reasonable basis or legal support to conclude that as an assignee of defaulted debt in June of 2009, RAB was not obligated to be duly licensed by the Department of Consumer Affairs.

30. Defendants affidavit of service reflects attempted service at an incorrect, obsolete address. The affiant claimed to have served "Ms. Smith ***co-tenant." No such co-tenant existed. Neither Ms. Thompson nor any such "co-tenant" lived at that address during the time of alleged service, June of 2009.

31. Ms. Thompson moved to Atlanta, Georgia in 2004 and returned to Bronx, New York in 2007 where she has been residing permanently ever since.

32. Based on lack of service, Defendants secured a default judgment. In support thereof, Defendants tendered a defective, extra-state "Affidavit of Facts" that failed to contain a certificate of conformity in compliance with NY CPLR § 2309.

33.     The affiant to the "Affidavit of Facts" was signed by the employee of RAB, a third-party assignor who lacked familiarity of the original creditor's record practices.

34.     This affidavit neither came from a party to the action, nor did it come from a person with personal knowledge of the facts constituting the claim. Mr. Huber had no personal knowledge of the facts and therefore could not make a showing of "proof of the facts constituting the claim" as required under CPLR 3215(f).

35.     Suddenly, by letter dated October 2, 2009, Ms. Thompson received a letter by Municipal Credit Union notifying her that it was served with a restraining notice and information subpoena. Ms. Thompson then received a subsequent letter, dated October 5, 2009, from Bank of America notifying her that her personal bank account – her sole means of surviving – was frozen and that she would be charged processing fees.

36`.    Defendants failed to serve on Plaintiff notice of RAB's income execution as required under CPLR § 5231. Ms. Thompson was denied notice to contest the garnishment and claim exemptions.

37.     Convinced that she was a victim of identify theft or mistaken identity, Ms. Thompson called Plaintiff Malen within 60 days thereafter. She spoke to an employee named "Jennifer" who was verbally abusive. Among other abusive statements, Jennifer stated, "you should move to somewhere you can afford." Jennifer demanded "at least half" of the claimed amount to receive any deduction off of the judgment amounts. Upon information and belief, this telephone conversation was the first "communication," as defined by the FDCPA, successfully had between the parties.

38.     By certified letter dated October 18, 2009 -- addressed to and signed for -- by Defendants RAB and Malen, **(Exhibit 2)**, Ms. Thompson disputed the validity of the alleged

debt and demanded verification. These letters conspicuously contained Ms. Thompson's correct address, which put defendants on notice thereof.

39.     Rather than provide due verification, Defendants elected to ignore her verification demand and proceed with the wrongful garnishment that commenced in January of 2010 [after having already froze her bank account].

40.     Upon information and belief, Defendants' policy and practice is to simply ignore lawful requests for information and avoid undertaking the efforts necessary to ensure that these collection lawsuits are meritorious.

41.     Ms. Thompson hired this office in July 2010 to vacate the judgment and lift the restraints and garnishment in the State Action. Your affirmant filed and served the appropriate papers obtaining the return date of July 28, 2010.

42.     Defendants did not timely serve opposition. Defendants surreptitiously submitted their opposition to the court on July 28, 2010. Said opposition frivolously and deceitfully advanced Defendants' meritless case.

43.     On the return date of July 28, 2010, Hon. Manuel J. Mendez set the matter down for a traverse hearing to address the issue of lack of jurisdiction.

44.     On August 4, 2010, your affirmant sent by letter dated August 4, 2010 (**Exhibit 3**), Ms. Thompson's utility bills, health insurance bills, car insurance bills, bank statements and parking tickets that uncontrovertibly demonstrated that she was living at a different address than where allegedly served. The defendants elected to ignore this proof and continue to oppressively garnish Ms. Thompson's wages while keeping her bank account restrained.

45.     Upon information and belief, Defendants' business practice is to keep consumers' assets restrained whenever possible, legal or not, in order to create overwhelming leverage to extract payments from consumers.

46.     On August 24, 2010, Ms. Thompson appeared at the traverse hearing to contest the judgment and vacate all enforcement mechanisms that were strangling her and her 12-year-old son. On that day, counsel for Malen admitted that Ms. Thompson had been sued under an erroneous cause of action. Counsel claimed that Defendants "wanted" to sue based on a "domesticated default judgment" and not for the open-ended credit line as alleged in its complaint.

47.     Defendants agreed by so-ordered stipulation (**Exhibit 4**) dated August 24, 2010, to vacate the judgment and discontinue the State Action. Defendants were directed to return "any and all funds obtained by Plaintiff from Defendant pursuant to said judgment."

48.     In direct violation of Judge Bluth's order, Defendants did not return all of Plaintiff's funds. In its garnishment, Defendants extracted $625.76 in monthly fees from Ms. Thompson for eight months for a total of $5,006.08. Defendants returned only $3,741.88.

49.     By letter dated September 23, 2010 (**Exhibit 5**), I requested the balance. In response thereto, by letter dated October 7, 2010 (**Exhibit 6**), Defendants deceitfully claim that $3,741.88 represents "all funds obtained by Plaintiff." Defendants apparently take the position that Plaintiff should absorb the loss of Marshall poundage fees. That position clearly incorrect, unfair, and contradictory to J. Bluth's directives.

50.     From a business perspective, Debt buyers need not review court documents or take any other steps to insure the accuracy of pleadings they execute or the affidavits they execute and/or file in support of their applications for such judgments. In these circumstances, truthfulness and

accuracy of court documents are simply outweighed by the monetary benefits accrued to debt

buyers. Upon information and belief, Debt buyers file most, if not all of their complaints

without having any access to the documents they would need to check the truthfulness and

accuracy of their affidavits even if they wanted to.

51.     Despite this lack of investigation and lack of meaningful review by any attorney,

Defendants sign and file complaints alleging that debtors owe precise dollar amounts and attach

affidavits thereto swearing to the courts and to debtors that these precise amounts are true and

correct.

52.     At the time they sign the complaints and attach these affidavits for presentation to both

courts and debtors, Defendants know their affiants lack knowledge of most if not all of the

statements averred including:

> (a) the amount the debtors owed at the time of default;
> (b) the annual percentage rate ("APR") at any time during the relationship between the
> original creditors and debtors, either when the debts were current or when they were
> in default;
> (c) whether the contracts between the original creditors and the debtors permitted the
> original creditors to add late fees after default;
> (d) whether the contracts between the original creditors and the debtors permitted the
> origial creditors to add over-limit charges after default;
> (e) whether the contracts between the original and the debtor permiteted the original
> creditor to add attorneys fees and/or costs of collection;
> (f) whether the plaintiff in the state-court action owns the alleged debt and, if so, the
> conditions of the sale;
> (g) whether there is evidence establishing that the applicable statute of limitations has
> expired prior to the commencement of the lawsuit;
> (e) and other pertinent pertinent facts necessary to ascertaining the amount of the alleged
> debt and the right to collect it.

53.     That Defendant Malen, through its agent attorney, signed the complaint commencing the

State Action thereby certifying that to the best of his belief, formed after an inquiry reasonable

under the circumstances, that the allegations of the complaint were not frivolous as defined by

22 NYCRR § 130.1.1(c).

54.     That the complaint in the State Action, and the allegations contained therein were false, misleading and frivolous as defined by 22 NYCRR § 130.1.1(c), and were also made without first making a reasonable inquiry as required by 22 NYCRR §130.1.1a.

55.     That at the time the State Action was filed, Defendants did not possess or have the ability to obtain evidence in admissible form that establishes that Plaintiff is liable on the purported debt, and/or that amount that plaintiff owed on the purported debt.

56.     That Defendants had no plausible cause of action on which to sue the plaintiff.

57.     That at the time the State Action was filed, RAB did not have legal capacity and/or standing to sue Plaintiff in the City of New York.

58.     That upon information and belief, Defendants caused, or conspired to cause, intentional or negligent service upon the plaintiff at an outdated address, generating a sworn affidavit that claimed to have verified her non-military status with an alleged co-tenant who did not exist.

59.     Defendants possessed Plaintiff's actual address but rather chose to enforce collection without personal jurisdiction. That Defendants purposefully ignored the clear evidence that proved lack of personal jurisdiction over Ms. Thompson.

60.     Defendants further hurt Ms. Thompson by furnishing false information about the alleged debt to the credit bureaus.

## FIRST CLAIM FOR RELIEF
### (Violations of FDCPA)

61.     Plaintiffs hereby restate, reallege, and incorporate by reference all foregoing paragraphs.

62.     By undertaking the above referenced collection activities, defendants repeatedly violated 15 U.S.C. § 1692 *et seq*.

63.     Specifically and without limitation, Defendants violated the FDCPA by the following acts and omissions:

a. Attempting to collect, collecting, and enforcing upon, this alleged consumer debt without express authority by agreement or law in violation of §§1692(f), 1692f(1), 1692d, 1692e, 1692e(2)(a) and (b), 1692e(5), 1692e(10), and 1692e(12).

b. Misrepresenting the character, status, amount, and actual existence of the alleged debt in violation of §§1692e, 1692e(2)(a) and (b), 1692e(10), 1692f, 1692f(1), and 1692d.

c. Misrepresenting Defendant RAB's authority to bring and maintain this action in violation of §§1692(f), 1692f(1), 1692d, 1692e, 1692e(2)(a) and (b), 1692e(5), 1692e(10), and 1692e(12).

d. Asserting and maintaining legal action against Ms. Thompson when not duly licensed under New York City Administrative Cod 20-480, *et. seq.* Defendants' took actions they were not legally allowed to take, including without limitation, levying against her bank accounts and garnishing her wages in violation of §§1692(f), 1692f(1), 1692d, 1692e, 1692e(2)(a) and (b), 1692e(5), 1692e(10), and 1692e(12).

e. Asserting and maintaining legal action against Ms. Thompson when Defendants knew or should have known that they had no factual basis to do so, without conducting the minimum due diligence required under New York Law to avoid frivolous pleadings and affidavits and affidavits in violation of §§1692(f), 1692f(1), 1692d, 1692e, 1692e(2)(a) and (b), 1692e(5), 1692e(10), and 1692e(12).

f. Failing to respond to Plaintiff's verification demand in violation of 15 U.S.C. §1692(g)(a) and (b).

g. Telling Ms. Thompson, "you should move to somewhere you can afford" is insulting and abusive in violation of 15 U.S.C. §1692(d).

h. Oppressively and unfairly exerting wrongful dominion over Plaintiff's bank accounts and wages without authority, justification, or excuse in violation of §§1692f, 1692f(1), 1692f(6)(a) and (c), 1692d, 1692e, 1692e(2), 1692e(5), and 1692e(10).

i. Engaging in unlawful, third-party communications by serving on, and collecting from, plaintiff's employer via income execution without a justifiable or a reasonably necessary excuse in violation of §§1692(b), §1692c(b), §1692e, 15 U.S.C. §1692e(8), §1692e(10), 1692f, and 1692d.

j. Disobeying Judge Bluth's directive in the State Action to return all funds obtained, including poundage fees, in violation of §1692d, §1692(e), §1692e(2)(a) and (b), §1692e(10) and §1692f(1), 1692f(6)(a) and (c).

k. Commencing and maintaining garnishment proceedings in a county other than where Plaintiff resides in violation of §1692i(a)(2).

64. The Defendants' acts and omissions alleged in this complaint, singularly and collectively, amount to unfair and unconscionable means to collect a debt in violation of §§1692(f), 1692f(1), 1692f(6), 1692d, and 1692e

65. As the direct result of Defendants' FDCPA violations, Plaintiff has suffered pecuniary and non-pecuniary damages.

66. Plaintiff's actual pecuniary damages, include but are not limited to, counsel fees for defending the State Action; deprivation of property, interest rate differentials; bank fees; missed work; loan obligations to relatives; transportation costs; time spent defending the State Action; and credit damage, including without limitation, interest rate differential(s), credit denials

(including landlord), and damage to credit reputation; interest rate hikes and fee hikes to other affected accounts in Plaintiff's credit file.

67.     Plaintiff's actual non-pecuniary damages, include but are not limited to, sleep deprivation, stomach pains, anxiety, nervousness, headaches, fear, worry, embarrassment, humiliation, intimidation; lost concentration at work; instability; missed opportunity to place son in summer camp; and damage to employment relationship.

## SECOND CLAIM FOR RELIEF
### NYGBL § 349 (Deceptive Acts and Practices Unlawful)

68.     Plaintiff repeats, re-alleges and incorporates by reference all foregoing paragraphs.

69.     NYGBL § 349 declares unlawful deceptive acts or practices in the conduct of any business, trade or commerce or in the furnishing of any service in this state.

70.     The conduct complained of occurred during, and in furtherance of, Defendant's for-profit business enterprise of suing consumers for defaulted debt obligations.

71.     At all times material to this complaint, Defendants' deceptive acts and practices that have given rise to the claims herein occurred during their business of collecting consumer debts.

72.     Defendants' acts and practices have been entirely directed at consumers and their acts have broad impact on the New York consuming public.

73.     Upon information and belief, Defendants commence thousands of debt collection lawsuits per week against New York State consumers. Plaintiff, RAB, advertises on its website, "RAB, Inc. specializes in high volume consumer collections in various industries including automotive lenders, retail and the financial market."

74.     Defendants' collection acts are part of a recurring practice against large numbers of consumers in furtherance of its business model of increasing debt volume while decreasing the cost of each case, thus enhancing profitability.

75.    Upon information and belief, over 80% of money obtained from debtor litigants is taken by default judgment. This pattern encourages poor or "sewer service" to increase profitability.

76.    Defendant's offending collection practices have the capacity and tendency to deceive and mislead a significant percentage of consumers. These practices are especially damaging to consumer debtors because constitutional rights of due process are violated resulting in the unlawful property deprivation of New York's poorest communities.

77.    That some of the FDCPA violations alleged in this complaint, if proven, amount to per se violations of NYGBL § 349.

78.    Defendants' acts and omissions that amount to "deceptive acts and practices" under NYGBL, include but are not limited to, a) filing suit without ownership of the debt through valid assignment; b) certifying and filing frivolous pleadings; c) making material misrepresentations in pleadings; d) causing or conspiring to cause "sewer service" depriving Plaintiff of due process; e) ignoring Plaintiff's verification demand thereby creating the misrepresentation that Defendants verified the debt; f) knowingly enforcing an unenforceable judgment; g) collecting and attempting to collect money interest, and fees without authority by contract or law; h) securing a default judgment based on deceptive pleadings and affidavits; illegally restraining and causing a deprivation to Plaintiff's property; i) misrepresenting RAB's authority to sue; j) commencing suit without required debt collector license; k) misrepresenting RAB's standing or capacity to sue l) misrepresenting the character, nature, status, and amount of the debt; m) concealing and denying Ms. Thompson's rights of debt verification; n) commencing suit in a statutorily prohibited venue; p) knowingly and willfully commencing and maintaining a lawsuit without having an attorney meaningfully review the facts; q) commencing and maintaining garnishment proceedings in a county other than where Plaintiff resides.

79.     Defendants' deceptive acts and practices are misleading in a material way because they are targeted at consumers at-large, the judiciary, banks, marshals, sheriffs.

80.     Upon information and belief, a vast majority of Defendants' consumer credit lawsuits succeed by obtaining default judgments against unaware, uneducated or destitute consumers.

81.     Upon information and belief, Defendants lawsuits are concentrated in New York's lowest income communities and communities of color.

82.     Upon information and belief, the Civil Courts of New York City have become known as the "credit card courts" because of the overwhelming caseload to the New York Judiciary branch. Defendants file, or cause to be filed, thousands of lawsuits per week.

83.     The deceptive acts and practices alleged constitute violations of NYGBL § 349 independent of any violation of any other law.

84.     The deceptive acts and practices alleged mislead reasonable consumers acting reasonably under the circumstances.

85.     Each deceptive act and practice alleged occurred as the result of Defendants' ongoing policy and practice of handling extremely high volume the natural consequence of which precludes the possibility of meaningful attorney review and confirmation of accuracy and legal compliance.

86.     As a result of these violations of NYGBL § 349, Plaintiff has suffered pecuniary and non-pecuniary harm and is therefore entitled actual damages, punitive damages of up to $1,000, attorney's fees and costs.

87.     Plaintiff's actual pecuniary damages, include but are not limited to, counsel fees for defending the State Action; deprivation of property, interest rate differentials; bank fees; missed work; loan obligations to relatives; transportation costs; time spent defending the State Action;

14

and credit damage, including without limitation, interest rate differential(s), credit denials (including landlord), damage to credit reputation; interest rate hides and fee hikes to other affected accounts in Plaintiff's credit file.

88.     Plaintiff's actual, non-pecuniary damages, include but are not limited to, sleep deprivation, stomach pains, anxiety, nervous, headaches, fear, worry, embarrassment, humiliation, intimidation, lost concentration at work; instability; missed opportunity to place son in summer camp; damage to her employment relationship.

89.     As a result of these violations of NYGBL § 349, Plaintiff is entitled to an injunction barring Defendants from engaging in deceptive acts and practices, and to recover actual damages, three times the actual damages up to $1,000, costs and reasonable attorneys' fees pursuant to NYGBL § 349(h).

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests the court grant the following relief:

a.  On the FIRST CLAIM FOR RELIEF, a declaratory judgment that Defendants violated the FDCPA, actual damages, statutory damages, and costs and reasonable attorneys' fees pursuant to 15 U.S.C. § 1692k;

b.  On the SECOND CLAIM FOR RELIEF, (NYGBL § 349), actual damages, three times the actual damages up to $1,000, costs and reasonable attorneys' fees pursuant to NYGBL § 349(h); and for

c.  Such other and further relief as law or equity may provide.

## DEMAND FOR JURY TRIAL

Pursuant to Federal Rule of Civil Procedure 38, Plaintiff demands a trial by jury as to all issues so triable.

Dated: October 23, 2010
New York, New York

Respectfully submitted,

Jesse Langel, Esq. (JL-7079)
The Langel Firm
225 Broadway, Suite 700
(646) 260-5600
(646) 964-6682
jesse@langellaw.com

# Exhibit "1"

## CONSUMER CREDIT TRANSACTION
**IMPORTANT!! YOU ARE BEING SUED!!!!**

**0027668        2009**

### THIS IS A COURT PAPER-A SUMMONS

**DON'T THROW IT AWAY!!  TALK TO A LAWYER RIGHT AWAY! PART OF YOUR PAY CAN BE TAKEN FROM YOU (GARNISHEED). IF YOU DO NOT BRING THIS TO COURT, OR SEE A LAWYER YOUR PROPERTY CAN BE TAKEN AND YOUR CREDIT RATING CAN BE HURT!! YOU MAY HAVE PAY OTHER COSTS TOO!!! IF YOU CAN'T PAY FOR YOUR OWN LAWYER BRING THESE PAPERS THIS COURT RIGHT AWAY. THE CLERK (PERSONAL APPEARANCE) WILL HELP YOU!**

CIVIL COURT OF THE CITY OF NEW YORK
COUNTY OF NEW YORK

-------------------------------------------

RAB PERFORMANCE RECOVERIES, LLC

Plaintiff
-against-

MELODY B THOMPSON
AKA MELODY THOMPSON

Defendant(s)

-------------------------------------------

SUMMONS

Index No.:
File No. 0681F 206564
Client Acct No: XXXXXXXXXXXX9413

The basis of venue designated is: County in which defendant(s) resides
231 W 145TH ST APT 6E NEW YORK NY 10039

Plaintiff's Address:
10 Forest Avenue
Paramus, NJ 07652

**FILED JUN 1 8 2009 NEW YORK CIVIL COURT NEW YORK COUNTY**

To the above named defendant(s)
YOU ARE HEREBY SUMMONED and required to appear in the Civil Court of the City of New York, County of NEW YORK   at the office of the Clerk of the said Court at: 111 Centre Street New York, NY 10013 in the County of NEW YORK        City and State of New York, within the time provided by law as noted below and to file your answer to the complaint with the Clerk: upon your failure to answer, judgment will be taken against you for the sum of $ 9852.65     with interest thereon from 06/03/09  together with the costs and disbursements of this action.

Jun 3, 2009

MALEN & ASSOCIATES, P.C.
Attorneys for Plaintiff
123 Frost Street
Westbury, New York 11590
(516) 334-2500 Ext: 5947



Paul Mahler, Tim Murtha, Jeffrey Wolstein

NOTE: The law provides that  (a) If this summons is served by its delivery to you personally within the City of New York, you must appear and answer within TWENTY days after such service; or (b) If this summons is served by delivery to any person other than you personally, or is served outside the City of New York, or by publication, or by any means other than personal delivery to you within the City of New York, you are allowed THIRTY days after the proof of service thereof is filed with the Clerk of this Court within which to appear and answer.

This is an attempt to collect a debt, any information obtained will be used for that purpose.
We are a Debt Collector.

CIVIL COURT OF THE CITY OF NEW YORK
COUNTY OF NEW YORK

INDEX #:

-------------------------------------------------X

OUR FILE #: 0681F -206564

RAB PERFORMANCE RECOVERIES, LLC

Plaintiff,

-against-

COMPLAINT

MELODY B THOMPSON
AKA MELODY THOMPSON

Plaintiff's Address:
Defendant(s)                     10 Forest Avenue
-------------------------------------------------X          Paramus, NJ 07652

PLAINTIFF BY ITS ATTORNEYS, MALEN & ASSOCIATES, P.C. COMPLAINING OF the Defendant(s),
allege(s) upon information and belief:

1. Plaintiff is a Corporation licensed to do business in New York.
   HOUSEHOLD FINANCE (the Assignor) assigned account to RAB PERFORMANCE RECOVERIES, LLC.
   Upon information and belief Plaintiff is not required to be licensed by the New York City Department of
   Consumer Affairs.
2. Defendant MELODY B THOMPSON resides or has its principal place of
   business at: 231 W 145TH ST APT 6E NEW YORK NY 10039

3. Upon Information and belief the transaction of business occurred within NEW YORK County.

4. CAUSE OF ACTION NUMBER ONE:
   Defendant(s) executed an agreement wherein Assignor agreed to extend credit or cash advance on a revolving basis which
   credit or advance was to be paid in monthly installments. There remains due and owing the sum of $ 7160.21 plus interest of
   $ 2692.44 at the statutory rate of 9.00%, from 03/31/05, for a total of 9852.65.

5. That no portion of the aforementioned sum has been paid, although duly demanded.

6. CAUSE OF ACTION NUMBER TWO:
   Plaintiff repeats each allegation contained in paragraphs 1 through 5, inclusive.

7. Defendant(s) agreed to pay for attorney fees up to the reasonable value of $ .00.

8. CAUSE OF ACTION NUMBER THREE:
   Plaintiff repeats each allegation contained in paragraphs 1 through 7, inclusive.

9. An account was taken and stated showing a balance of $ 9852.65  due and owing to Plaintiff by Defendant(s), no part of
   which has been paid, although duly demanded, which Defendant(s) did not object to.

   WHEREFORE Plaintiff demands judgment against Defendant(s) in the sum of $ 9852.65 on the first cause of action: the sum
of $ .00    on the second cause of action; the sum of $ 9852.65  on the third cause of action; together with interest from
the date of this complaint along with costs and disbursements.

DATED: Jun  3, 2009
   Westbury, New York

                              Paul Mahler, Tim Murtha, Jeffrey Wolstein

YOURS, etc.
MALEN & ASSOCIATES, p.c.
Attorneys for Plaintiff          This is an attempt to collect a debt. Any information obtained will be
123 Frost Street                      used for that purpose. We are a Debt Collector.
Westbury, N.Y. 11590
(516) 334-3500 Extension: 5948
NYC License #:1249723

# Exhibit "2"

October 18, 2009

Return Receipt Request Mail: 7007 0710 0002 0934 8066

Melody Thompson
3605 Willett Avenue
Bronx, New York 10467

RAB PERFORMANCE RECOVERIES, LLC
10 Forest Avenue
Paramus, New Jersey 07652

In response to the Court document filed on 06/03/09, File NO. 0681F 206564, I am requesting signature verification that I am the owner of this account. I did not open such account and are disputing its validity.

If you have any documents that shows my signature for the opening of this account, forward them to me as soon as possible so that the matter in question can be resolved as soon as possible.

Sincerely,

Melody Thompson

October 18, 2009

Return Receipt Request Mail: 7007 0710 0002 0934 8035

Melody Thompson
3605 Willett Avenue
Bronx, New York 10467

MALEN & ASSOCIATES, P. C.
123 Frost Street
Westbury, New York 11590

In response to the Court document filed on 06/03/09, File NO. 0681F 206564, I am requesting signature verification that I am the owner of this account. I did not open such account and are disputing its validity.

If you have any documents that shows my signature for the opening of this account, forward them to me as soon as possible so that the matter in question can be resolved as soon as possible.

Sincerely,

Melody Thompson

## Return Receipt Card 1

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

A. Signature
X _[signature]_
☐ Agent
☐ Addressee

B. Received by (Printed Name)
_Marilyn Telada_

C. Date of Delivery

D. Is delivery address different from item 1? ☐ Yes
If YES, enter delivery address below: ☐ No

1. Article Addressed to:

RAB PERFORMANCE RECOVERIES

10 Forest Avenue

Paramus, New Jersey 07652

3. Service Type
☐ Certified Mail    ☐ Express Mail
☐ Registered    ☐ Return Receipt for Merchandise
☐ Insured Mail    ☐ C.O.D.

4. Restricted Delivery? (Extra Fee)    ☐ Yes

2. Article Number
(Transfer from service label)    7007 0710 0002 0934 8066

PS Form 3811, February 2004    Domestic Return Receipt    102595-02-M-1540

## Return Receipt Card 2

SENDER: COMPLETE THIS SECTION

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

COMPLETE THIS SECTION ON DELIVERY

A. Signature
X _[signature]_
☐ Agent
☐ Addressee

B. Received by (Printed Name)

C. Date of Delivery

D. Is delivery address different from item 1? ☐ Yes
If YES, enter delivery address below: ☐ No

1. Article Addressed to:

Malen & Associates, P.C.
Attorneys for Plaintiff
123 Frost Street
Westbury, New York 11590

3. Service Type
☐ Certified Mail    ☐ Express Mail
☐ Registered    ☐ Return Receipt for Merchandise
☐ Insured Mail    ☐ C.O.D.

4. Restricted Delivery? (Extra Fee)    ☐ Yes

2. Article Number
(Transfer from service label)    7007 0710 0002 0934 8035

PS Form 3811, February 2004    Domestic Return Receipt    102595-02-M-1F

# Exhibit "3"

# THE LANGEL FIRM

**A LITIGATION FIRM**

225 BROADWAY, SUITE 700
NEW YORK, NEW YORK 10007
TEL. (718) 288-8518
FAX (646) 964-6682
JESSE@THELANGELFIRM.COM
WWW.THELANGELFIRM.COM

August 4, 2010

<u>Via First Class Mail</u>

Tim Murtha, Esq.
Malen & Associates, PC
123 Frost Street
Westbury, NY 11590

Re:    RAB Performance Recoveries, LLC v. Thompson, Index No. 27668-09

Dear Mr. Murtha:

Please find enclosed various additional documents that prove that our client, Melody Thompson, did not reside at the address at which you served her on June 27, 2009, and that the default judgment against her must therefore be vacated for lack of jurisdiction. These documents include utilities bills, health insurance bills, car insurance bills, bank statements, and parking tickets, dated before, during and after June of 2009, and all addressed to Ms. Thompson where she was then living in the Bronx, <u>not</u> in Manhattan, where you served her.

We intend to admit these documents into evidence at our upcoming traverse hearing on August 24 at 2:30.

If you would like to discuss this matter, please do not hesitate to contact me.

Very truly yours,

Jesse Langel

JL/ss
Enc.



**NEW YORK CITY**
## DEPARTMENT OF FINANCE
## OPERATION CITYSCOFF
P.O. Box 2311, Peck Slip Station, New York, NY   10272-2311

```
*************3-DIGIT 104
                        CACSC              Date: 01/03/09
MELODY B THOMPSON
3605 WILLETT AVE # 3
BRONX, NY 10467-5517
Iul.IIIIuul.lIl.lI.lIl.l.I.Iul.IIul.lIl.lIl.l.I.l
```

Location Code:  010344    Case Number: 001430819

BALANCE DUE APPEARS ON BOTTOM OF COLLECTION CASE DETAIL PAGE(S).

---

**NYC**
**Finance**

**NEW YORK CITY**
## DEPARTMENT OF FINANCE
## OPERATION CITYSCOFF
P.O. Box 2311, Peck Slip Station, New York, NY   10272-2311

```
**********MIXED AADC 201
                        CACSC              Date: 08/07/09
MELODY B THOMPSON
3605 WILLETT AVE
BRONX, NY 10467-5517
Iul.IIIIuul.lIl.lI.lIl.l.I.Iul.IIul.lIl.lIl.l.I.l
```

Location Code:  010344    Case Number: 001430819

BALANCE DUE APPEARS ON BOTTOM OF COLLECTION CASE DETAIL PAGE(S).

---

**NYC**
**Finance**

New York City
**Department of Finance**
**Parking Violations**

PAGE 1

Church Street Station, P.O. Box 3600, New York, N.Y. 10008

### NOTICE OF OUTSTANDING PARKING VIOLATION

```
#BWNCXPZ ..........5-DIGIT 10467
#1 NY PAS EKF6489//3#       OS
MELODY B THOMPSON
3605 WILLETT AVE
BRONX    NY 10467-5517
Iul.IIul.lIl.lI.lIl.l.I.Iul.IIul.lIl.lIl.l.I.l
```

OCTOBER 28, 2009

| AMOUNT DUE: | $70.00 |
|---|---|
| DUE BY: | 11/23/09 |

You have not responded to the ticket(s) issued to a vehicle registered in your name. You must respond by the due date.

You must PAY-IN-FULL (See Below) OR CONTEST THE SUMMONS (See Pages 3 and 4)



**Payment slip**

Please make checks payable to Consolidated Edison Company of N.Y. Inc.

To avoid a late payment charge of 1.5%, please pay the total amount due by **Aug 21, 2009.**

Your account number: 30-1229-0388-4501-3

**Total amount due: $338.61**

Amount enclosed:

MELODY THOMPSON
3605 WILLETT AVE 3
BRONX NY 10467-5517

JAF STATION
P.O. BOX 1702
NEW YORK, NY 10116-1702

97 46
0009691

 301229038845013  10000027061  60000033661



---



conEdison



**ON IT.** Working for you 24/7.

**MELODY THOMPSON**

Your account number: 30-1229-0388-4501-3

Service delivered to: 3605 WILLETT AVE 3

Your electric rate: EL1 Residential or Religious

**Message Center**

Please pay your overdue bill in the amount of $8.79 immediately or your agreement will begin.

PAYMENT AGREEMENT STATEMENT

Original | Installment |



**Payment slip**

Please make checks payable to Consolidated Edison Company of N.Y. Inc.

To avoid a late payment charge of 1.5%, please pay the total amount due by **Nov 20, 2009.**

Your account number: 30-1229-0388-4501-3

**Total amount due: $808.09**

Amount enclosed:

MELODY THOMPSON
3605 WILLETT AVE 3
BRONX NY 10467-5517

JAF STATION
P.O. BOX 1702
NEW YORK, NY 10116-1702

73
0009959

 301229038845013  20000019169  70000080809



---

**Payment slip**

Please make checks payable to Consolidated Edison Company of N.Y. Inc.

To avoid a late payment charge of 1.5%, please pay the total amount due by **Dec 21, 2009.**

Your account number: 30-1229-0388-4501-3

**Total amount due: $1,144.35**

Amount enclosed:

MELODY THOMPSON
3605 WILLETT AVE 3
BRONX NY 10467-5517

JAF STATION
P.O. BOX 1702
NEW YORK, NY 10116-1702

51 21
0006797

 301229038845013  80000025006  10000114435



ii 1700x2338 pixels

**Bank of America**

Bank of America, N.A.
P.O. Box 25118
Tampa, FL 33622-5118

Combined Statement
Page 1 of 7 4K3001613688
Statement Period
04-17-09 through 05-14-09
R 10 0 A P PA 10
Number of checks enclosed: 0

MD 05/21 0 0487 361 000 019255 8001 CP 0.357
MELODY B THOMPSON
3605 WILLETT AVE APT 3
BRONX NY 10467-5517

Habitat for Humanity

... call me at the number below to make an appointment to bring your car to one of our convenient ...

**GEICO**

- Government Employees Insurance Company
- GEICO General Insurance Company
- GEICO Indemnity Company
- GEICO Casualty Company
- Criterion Insurance Agency, Inc.
- (Colonial County Mutual Ins.)

750 Woodbury Road
Woodbury, New York 11797-2589

August 17, 2009

Melody Thompson
3605 Willett Ave.
Bronx, NY 10467-5517

CLAIM NUMBER: 0286070740101058 LOSS DATE: 07/04/09

https://mail.google.com/mail/?ui=2&ik=5d68a7be44&view=att&th=129d732cfe9a3e08&attid=0.4&disp=inline&zw

Page 1 of

Page 1 of

**GHI**
Group Health Incorporated
PO BOX 2814
NEW YORK, NY 10116-2814

Electronic Service Requested

THIS IS AN EXPLANATION OF
YOUR BENEFITS

5-DIGIT 10467

5847 0.5234 AV 0.324

THOMPSON MELODY B
3605 WILLETT AVE #3
BRONX, NY 10467-5517

Date: 04/27/09
Subscriber: THOMPSON MELODY B
Subscriber ID: 930192130

This notification shows the Plan's settlements with network providers for claims processed
between 02/04/09 and 02/20/09.

---

**TEACHERS' RETIREMENT SYSTEM OF THE CITY OF NEW YORK**
55 Water Street, New York, NY 10041 • 1 (888) 8-NYC-TRS • www.trs.nyc.ny.us

**QPP QUARTERLY ACCOUNT STATEMENT**
For Tier IV Members • 3rd Quarter 2009 • Period From 06/30/2009 to 09/30/2009

Melody B Thompson
3605 Willett Ave # 3
Bronx, NY 10467 - 5517

Membership #: 00T807966
Date of Birth: 09/01/1966
Gender: Female

**ACCOUNT NEWS AND UPDATES**

The Teachers' Retirement System of the City of New York (TRS) is pleased to present you with your

---

*Prevent identity theft—protect your Social Security number*

# Your Social Security Statement

Prepared especially for Melody B. Thompson

June 24, 2009

www.socialsecurity.gov

See inside for your personal information

000183980  01 AV   0335 1A R 0143
MELODY B. THOMPSON
3605 WILLETT AVE APT 3
BRONX NY 10467-5517

**What's inside...**

Your Estimated Benefits .................................................. 2
Your Earnings Record ...................................................... 3
Some Facts About Social Security ................................ 4
If You Need More Information ...................................... 4
To Request This Statement In Spanish ...................... 4
(Para Solicitar Una Declaración en Español)

# Exhibit "4"

**CIVIL COURT OF THE CITY OF NEW YORK**
County of _New York_ Part _39_

Index No. _27668/09_

_Judgment VACATED_
_W/o prejud_
_Case Disc. W/o prejud_
_All Restraints,_
_garnishments_
_Vacated_ _8/24_

**STIPULATION**
~~OF SETTLEMENT~~

RAB Performance Recoveries, LLC

Plaintiff(s),

-against-

Melody Thompson
Defendant(s).

It is hereby stipulated and agreed by and between the parties that ~~the above-referenced~~

~~action is settled as follows:~~

ARLENE P. BLUTH
JUDGE OF THE CIVIL COURT

① The above-referenced action is discontinued
without prejudice, ~~and~~ ~~————————————~~
~~————————————~~

② The judgment obtained by Plaintiff in New York
County Civil Court is vacated, along with any income
executions and/or bank restraints.

③ Plaintiff shall return to Defendant any and all funds
obtained by Plaintiff from Defendant pursuant to said judgment
~~as~~ within 30 days, & including any funds obtained after
the date of this stipulation. Plaintiff shall serve a copy
of this stipulation on the Marshall. Plaintiff shall reimburse
Defendant for bank fees totalling $175.00 within 30 days.

| Signature | Date | Signature | Date |
|---|---|---|---|
| _[signature]_ | 8/24/10 | _[signature]_ | |
| Signature of counsel | Date | Signature for Defendant | Date |
| Atty for Plaintiff | | | |

Page __1__ of __1__

CIV-GP-32 (Revised December, 2005)

# Exhibit "5"

# THE LANGEL FIRM

**A LITIGATION FIRM**

225 BROADWAY, SUITE 700
NEW YORK, NEW YORK 10007
TEL. (718) 288-8518
FAX (646) 964-6682
JESSE@THELANGELFIRM.COM
WWW.THELANGELFIRM.COM

September 23, 2010

<u>Via first-class mail</u>

Timothy Murtha, Esq.
Malen & Associates, P.C.
123 Frost Street
Westbury, NY 11590

Re:     RAB Performance Recoveries, LLC v. Melody B. Thompson
          Index # 27668/09

Dear Mr. Murtha:

Enclosed is a copy of J. Bluth's order directing your client to return the entire amount garnished from her pay from January 2010 to August 24, 2010 plus $175 in banking fees. The amount you remitted $3,741.88 is not that entire amount owed.

Where is the rest?

Very truly yours,

Jesse Langel

# Exhibit "6"

# MALEN & ASSOCIATES, P.C.

### ATTORNEYS AT LAW

----

123 FROST STREET · WESTBURY, NY · 11590
516/334-3500 · FAX 516/479-5999

SAMANTHA ROUMPAS
LEGAL ASSISTANT
DIRECT: 516/479-5918

September 17, 2010

Jesse Langel
The Langel Firm
225 Broadway Ste 700
New York, NY 10007

Re:   RAB PERFORMANCE RECOVERIES, LLC V MELODY B THOMPSON

      Index No.:
      Our File No.: 206564
      Originator: HOUSEHOLD FINANCE
      Original Account#:5480420017279413
      Balance Due Today: $7115.61

Dear Mr. Langel:

Our office represents the Plaintiff, RAB PERFORMANCE RECOVERIES, LLC regarding the above referenced matter.

Enclosed please find a check for $3,741.88 regarding the order to show cause.

This is an attempt to collect a debt; any information obtained will be used for that purpose. We are Debt Collectors.

If there is any further information that you may require, please do not hesitate to contact me at your earliest convenience.

Very truly yours,
Malen & Associates, p.c.

By:
    Samantha Roumpas